DLD-169                                                                          NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-1455
_____

COMMONWEALTH OF PENNSYLVANIA


v.

TORRE RANDOLPH,
                    Appellant
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Criminal No. 12-cr-00005)
District Judge:  Honorable Gene E. K. Pratter
_____

Submitted for Possible Summary Action Under Third Circuit LAR 27.4 and I.O.P. 10.6
April 26, 2012
Before:  AMBRO, JORDAN and VANASKIE, Circuit Judges

(Opinion filed: May 15, 2012)
_____

OPINION
_____

PER CURIAM

    Appellant Torre Randolph appeals from the District Court's order summarily

remanding his case to the state court.  For the reasons that follow, we will affirm.

    Randolph filed a notice of removal with the United States District Court for the

Eastern District of Pennsylvania seeking removal of a criminal action from Pennsylvania state court. After reviewing Randolph's removal petition, the District Court determined that it appeared Randolph was attempting to remove his case pursuant to 28 U.S.C. § 1443.[1] The District Court then held that the allegations of Randolph's notice were insufficient to support removal under §1443, denied the petition, and remanded the case to the state court. Randolph timely appealed.

"An order remanding a case to the State court from which it was removed is not reviewable on appeal" unless the case was removed pursuant to § 1443. See 28 U.S.C. § 1447(d). Thus, to the extent that Randolph challenges the District Court's remand order with respect to any bases for removal other than § 1443, we will dismiss the appeal for lack of jurisdiction. Davis v. Glanton, 107 F.3d 1044, 1047 (3d Cir. 1997). We have jurisdiction to review the remand order to the extent that Randolph asserts that removal was proper under § 1443. Id.

Section 1443(1) authorizes the removal of a state law action "[a]gainst any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof." 28 U.S.C. § 1443. For this provision to apply, "a state court defendant must demonstrate both: (1) that he is being deprived of rights guaranteed by a federal law 'providing for . . . equal civil rights'; and (2) that he is 'denied or cannot

---

[1] Randolph does not dispute the District Court's characterization of his petition. In any event, we are not aware of any other provision permitting removal of the State's criminal

2

enforce that right in the courts' of the state." Davis v. Glanton, 107 F.3d at 1047 (quoting State of Georgia v. Rachel, 384 U.S. 780, 788 (1966)). Under the first requirement, the defendant must allege a deprivation of rights guaranteed by a federal law "providing for specific civil rights stated in terms of racial equality." Id. (internal citations and quotations omitted). Under the second requirement, removal is available where the defendant's federal civil rights would "inevitably be denied by the very act of being brought to trial in state court." Id. at 1949. (internal citations and quotations omitted).

The District Court correctly determined that Randolph did not allege in his petition that the state court litigation involves issues of racial inequality, and he offers no argument on appeal to dispute that determination.

Randolph likewise failed to allege anything that might permit removal under § 1443(2). Indeed, "[t]he second subsection of § 1443 confers a privilege of removal only upon federal officers or agents and those authorized to act with or for them in affirmatively executing duties under any federal law providing for equal civil rights." City of Greenwood, Miss. v. Peacock, 384 U.S. 808, 824 (1966). Randolph does not purport to fall into any of those categories.

Accordingly, the District Court correctly determined that § 1443 did not apply to Randolph's removal petition and appropriately remanded the case to the state court. See 28 U.S.C. § 1455(b)(4).[2]

_____

prosecution against Randolph.
[2] Moreover, we agree with the District Court that the removal petition was not timely

For the these reasons, we will summarily affirm the judgment of the District Court.  <u>See</u> Third Cir. LAR 27.4; I.O.P. 10.6.  Appellant's "motion to dismiss based upon excessive and prejudicial delay between the criminal incident and arrest," and motion for appointment of counsel, are denied.

filed.  <u>See</u> <u>id.</u> at § 1455(b)(1).